# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-746V
**Filed: July 8, 2016**

```
* * * * * * * * * * * * * * *    *
CORY DANIELSON,                  *
                                 *
            Petitioner,          *
                                 *
v.                               *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * * * *    *
```

UNPUBLISHED

Special Master Hamilton-Fieldman

Attorneys' Fees and Costs;
Reasonable Amount Requested to
which Respondent Does Not Object.

Lawrence Disparti, Disparti Law Group, PA, Holiday, FL, for Petitioner.
Lara Englund, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On August 19, 2014, Cory Danielson ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that human papillomavirus ("HPV") vaccines administered to him on August 30, 2012 and October 31, 2012 caused him to suffer from pancreatitis.  On February 17, 2016, the undersigned issued a decision awarding compensation to Petitioner.

On June 16, 2016, Petitioner filed a timely motion for attorneys' fees and costs ("Motion").[3]  Petitioner requests compensation for attorneys' and paralegals' fees and costs in

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 13(a), any request for attorneys' and costs must be filed no later than 180 days after the entry of judgment.

the amount of $22,356.71. Petitioner and her counsel have verified that Petitioner did not personally incur any costs in pursuit of his claim. *See* General Order #9 Statement, filed July 5, 2016.

On June 28, 2016, Respondent filed a Response to the Motion in which she states that she "does not object to the overall amount sought, as it is not an unreasonable amount to have incurred for proceedings in this case to date."

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $22,356.71, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Lawrence Disparti, of the Disparti Law Group, PA.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).